UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMINATA IBIKOUNLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-4005 |
| ) | |
| MOLINE HOUSING ) | |
| AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Now before the Court are Defendants' 12(b)(1) and/or (6) Motions to Dismiss. For the reasons set forth below, Defendants Moline Housing Authority's ("MHA"), Kelly Maack's, Doug Schott's, and Susan Anderson's Motion to Dismiss [#27], and Defendant Linda Reedy's Motion to Dismiss [#30] are DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

On January 11, 2010, Plaintiff Aminata Ibikounle ("Ibikounle") filed her Complaint against Defendants Anderson, Maack, MHA, Reedy, and Schott (collectively "Defendants"). The Complaint was entitled a *pro se* complaint against employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq*. Where the Complaint form asked for the facts essential to her claim, Ibikounle included that she was interviewed for an office assistant position, that she is disabled and uses a power wheelchair, that MHA, Reedy, and Maack were aware of her disability, and that she was passed over for hiring even though qualified. She attached her EEOC Dismissal and Notice of Rights letter to the Complaint. Ibikounle also filed a Motion for Leave to Proceed in Forma Pauperis and Motion to Appoint

1

Counsel on January 11, 2010.  On January 26, 2010, Ibikounle filed a motion for leave to file an amended complaint, seeking to add a party.  The Magistrate Judge denied the motion on February 1, 2010.  On February 10, 2010, Ibikounle filed her second motion for leave to file an amended complaint which the Magistrate Judge granted in part and denied in part.  On February 23, 2010, Ibikounle filed her Amended Complaint, and specifically noted that her employment discrimination claim was based upon disability.[1]  She was granted leave to proceed in forma pauperis, and was finally granted appointment of counsel on April 15, 2010, after a few insufficient attempts.  On April 19, 2010, Defendants MHA, Maack, Schott, and Anderson filed their Motion to Dismiss.  On April 30, 2010, Defendant Reedy filed her Joinder in Motion to Dismiss.  The matter is fully briefed and this Order follows.

## DISCUSSION

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).  This means that (1) the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.* 496 F.3d 773, 776 (7th Cir. 2007).  Conclusory allegations are "not entitled to be assumed true."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

---

[1] In her original Complaint, Ibikounle noted that her employment discrimination claim was based upon the allegation that she was "[d]enied Section 3 Rights under Hud.."

1951 (2009) (citing *Twombly*, 550 U.S. 544 (2007)).

When it comes to construing *pro se* complaints, pleading requirements are less stringent than when construing complaints drafted by lawyers. *McCormick v. City of Chicago,* 230 F.3d 319, 325 (7th Cir. 2000) (well settled Seventh Circuit law provides that *pro se* complaints are to be liberally construed); *Haines v. Kerner*, 404 U.S. 519, 596 (1972). In the context of Title VII, courts have remained mindful of the fact that laymen often initiate the process. *See Love v. Pullman Co.*, 404 U.S. 522, 527 (1972) (explaining that the creation of additional procedural technicalities in the context of EEOC charges are particularly inappropriate where laymen initiate the process); *Willis v. Chicago Extruded Metals Co.*, 375 F. Supp. 362, 365 (N.D. Ill. 1974) (discussing Civil Rights Act as designed to protect those least able to protect themselves, that EEOC complainants are seldom lawyers, and so they should not be compelled to specifically articulate discrimination). Finally, claims in a Title VII complaint that are "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations" are cognizable. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)).

42 U.S.C. § 2000e-5 confers subject matter jurisdiction on federal district courts to hear cases dismissed by the EEOC. A person claiming to be aggrieved shall be notified of the EEOC's dismissal of a charge. 42 U.S.C. § 2000e-5(f)(1). The person aggrieved may bring a civil action in the district court, and has ninety (90) days after receipt of the EEOC Notice within which to do so. *Id.*; 42 U.S.C. § 12117(a) (adopting the 90-day limitation period for claims brought pursuant to the Americans with Disabilities Act). The 90-day limitation period begins to run on the date the EEOC notice is first received. *Jones v. Madison Service Corp.*, 744 F.2d

1309, 1312 (7th Cir. 1984).

Here, Defendants argue that Ibikounle received her Right to Sue letter on November 5, 2009, that she filed her pro se Complaint on February 23, 2010, and so her Complaint is untimely.  Ibikounle argues that there is no doubt she filed her original Complaint on January 11, 2010, and clearly complied with the law so as to place Defendants on notice that she intended to assert her rights under the theory of disability discrimination.  Though Ibikounle is now represented by counsel, she was proceeding *pro se* at the time she filed her original Complaint on January 11, 2010.  With that in mind and turning to the originally filed Complaint, Ibikounle provided sufficient notice to Defendants that she based her Complaint upon a claim of disability discrimination.  She clearly indicated that she is disabled, uses a power wheelchair, and that MHA, Reedy, and Maack were aware of that disability when she was interviewed for the job.  Ibikounle also stated that Defendants did not hire her and violated her Section 3 Rights.  In her Charge of Discrimination filed with the EEOC, Ibikounle marked the "Disability" box and wrote, "In 2009, I applied for the position of Coordinator Aid.  During this interview, I informed Respondent of my disability . . . I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990."

To the extent that Defendants assert that Ibikounle's February 23, 2010, Amended Complaint was the first notice to them that her claim was based upon disability discrimination, they demand too much of a *pro se* plaintiff who is alleging such discrimination.  The allegations contained in Ibikounle's original Complaint, filed on January 11, 2010, coupled with the allegations contained in her EEOC Charge of Discrimination provided adequate notice to Defendants within the requisite 90 days.  *See* FED. R. CIV. P. 10(c) ("A copy of a written

instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Accordingly, the Court has jurisdiction to hear the case, as it was timely filed, and Ibikounle has sufficiently stated a claim in order to survive a Rule 12(b)(6) motion to dismiss.

## CONCLUSION

For the reasons set forth above, Defendants MHA, Kelly Maack's, Doug Schott's, and Susan Anderson's 12(b)(1) and/or (6) Motion to Dismiss [#27], and Defendant Linda Reedy's Joinder in Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and/or (6) [#30] are DENIED. This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this 20th day of May, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge